# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MAGDALENO MUNOZ and<br>IGNACIA SILVERIO,<br><br>        Plaintiffs,<br><br>v.<br><br>US BANK, NA,<br><br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:11-CV-941-L** |

## **MEMORANDUM OPINION AND ORDER**

On May 17, 2011, the court, in its Status Report Order, directed the parties to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4) by June 16, 2011. The court also ordered the parties to submit a Status Report that included twelve matters for them to address. Defendant submitted its version of the Status Report; however, Plaintiff, according to Defendant, did not comply with either directive. Also, the court's Status Report Order required Plaintiff's counsel to initiate the conference and file the Status Report. No sufficient explanation has been provided for this apparent failure.

On June 17, 2011, the court ordered Plaintiffs' counsel, Mr. L Marc Girling, to respond in writing to Defendant's allegations that he failed to confer and participate with respect to the filing of the Status Report and to address other matters relevant to the apparent noncompliance with the

court's Status Report Order. The court also issued the following warning:

> *Failure of Plaintiffs' counsel to respond in writing by June 27, 2011, will result in the dismissal of this case for failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the court may impose monetary sanctions or other sanctions as appropriate against Mr. Girling.*

Order 1-2 (emphasis in original). The court ordered Mr. Girling to respond by June 27, 2011. He has not done so.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have failed to comply with the court's orders of May 17, 2011, and June 16, 2011. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a

**Memorandum Opinion and Order - Page 2**

court's undoubted right to control its docket." *Boudwin,* 756 F.2d at 401 (quoting *Rogers v. Kroger,* 669 F.2d 317, 321-22 (5th Cir. 1982)). Plaintiffs and their counsel were specifically warned that sanctions could be imposed for failure to comply with a court order. Sanctions are appropriate in this case.

The court does not know the bases for their failure to prosecute this action or comply with the court's orders. In any event, finding no record of purposeful delay or contumacious conduct, the court **dismisses without prejudice** all claims in this action, which is an appropriate sanction for Plaintiffs and their counsel's failure to comply with the court's orders. Additionally, the court **directs** Mr. Girling to respond in writing why he should not be sanctioned monetarily for his failure to comply with the court's orders. Mr. Girling shall file his response by **July 15, 2011.** Further, the court **orders** Mr. Girling to provide a copy of this order to Plaintiffs Magdaleno Munoz and Ignacia Silverio and show proof of compliance to the court. *Failure of Mr. Girling to file and comply as directed will result in sanctions against him as the court deems appropriate.* The court **directs** the clerk of court to serve Mr. Girling by regular mail and e-mail.

**It is so ordered** this 29th day of June, 2011.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge