IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAGDALENO MUNOZ** and **IGNACIA SILVERIO**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-941-L** |
| **U.S. BANK, N.A.**, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

In the Scheduling Order entered on November 30, 2011, the court **"directed"** the parties "to confer and file with the court by **February 28, 2012**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred." Doc. 16, ¶ 10. According to the Settlement Status Report filed by Defendant U.S. Bank, N.A. ("U.S. Bank") on February 28, 2012, Plaintiffs' counsel failed to confer and did not respond to U.S. Bank's request to confer as required by the court's Scheduling Order. The court has no reason to disbelieve what is in Defendant's Settlement Status Report, as Plaintiffs did not join in the Settlement Status Report. It was filed by **one** party.

The Scheduling Order warned counsel and the parties that sanctions could be imposed for noncompliance. Paragraph 14 of the Scheduling Order provides:

> **14. Sanctions**: If counsel or any party fails or refuses to do anything required by this order, a mediation order, *or any other order entered by the court*, such party or counsel, or both, may be subject to sanctions without further notice. These sanctions may include striking a party's witnesses or exhibits, striking a party's claims or

**Memorandum Opinion and Order - Page 1**

> defenses, dismissal of a party's claims, entry of default, payment of expenses by the offending party or attorney, or other sanctions the court deems appropriate. *See* Fed. R. Civ. P. 16(f).

The court now must determine the appropriate sanction to impose against Plaintiffs for failure to comply with the court's Scheduling Order.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have failed to comply with several court orders. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin,* 756 F.2d at 401 (quoting *Rogers v. Kroger,* 669 F.2d 317, 321-22 (5th Cir. 1982)). The court must decide whether dismissal with or without prejudice is appropriate. As a starting point, the court retraces pertinent events of this case.

On June 29, 2011, the court dismissed this action without prejudice because Plaintiffs failed to comply with the court's orders of May 17, 2011, and June 17, 2011. On July 6, 2011, Plaintiffs filed a motion for relief from the court's order of June 29, 2011. The court granted the motion, vacated its order of June 29, 2011, and directed the clerk of the court to reopen this action.

On November 30, 2011, the court issued its Scheduling Order. The court directed the clerk to reinstate U.S. Bank's Motion to Dismiss or, Alternatively, Motion for More Definite Statement, which was originally filed May 16, 2011. The court also ordered Plaintiffs to file a response to the motion by December 14, 2011. Plaintiffs filed no response to the motion.

During the course of this litigation there have been four instances in which Plaintiffs have failed to comply with a valid court order — the order of May 17, 2011, and June 17, 2011; and two instances (December 14, 2011, and February 28, 2012) with respect to the Scheduling Order.

The court has been patient with Plaintiffs by allowing them to have their case reinstated and by allowing them additional time to respond to U.S. Bank's motion to dismiss. The court allowed this additional time so that it could have Plaintiffs' position on the motion. Despite this gesture by the court, Plaintiffs have violated the court's Scheduling Order twice since the case was reinstated. These actions indicate that they do not take seriously the prosecution of this case or adherence to the court's orders.

The court has issued lesser sanctions by providing explicit warnings that regarding noncompliance in its orders and by dismissing this action without prejudice. Given the explicit warnings issued by the court and the dismissal of this action without prejudice, and Plaintiffs' indifference or refusal to comply with the court's orders, the court determines that Plaintiffs are deliberately indifferent with respect to their compliance with the court's orders and the delay that

has occurred by their noncompliance.  The history of Plaintiffs' failure to comply and the delay caused by the noncompliance justify dismissal with prejudice.

    For the reasons herein stated, the court **dismisses** this action **with prejudice**.

    **It is so ordered** this 29th day of February, 2012.

                                            Sam A. Lindsay
                                            United States District Judge